IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ALICE DEBOSE,

    Plaintiff,

v.                                                          CASE NO. 1:05-cv-00167-MP-AK

STATE OF FLORIDA, DEPARTMENT
OF CHILDREN AND FAMILIES, and
CHARLES E. LITTLE,

    Defendants.

_____/

# O R D E R

This matter is before the Court on the following motions:

1. Doc. 73, Motion for Summary Judgment, filed by Defendants State of Florida, Department of Children and Families ("DCF"), and Charles E. Little. As directed, Plaintiff Alice Debose has filed a response to this motion. Doc. 83.

2. Doc. 84, Motion to Withdraw as Attorney, filed by Renee Thompson, counsel of record for Defendants.

**1. Defendant's Motion for Summary Judgment**

Plaintiff Debose was an employee of Defendant DCF from 1986, until her termination in 2004. After her termination, Plaintiff Debose filed a lawsuit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., ("Title VII"), and the Florida Civil Rights Act of 1992, alleging that she was subjected to sexual harassment and unwanted touching by Defendant Charles Little, that she was threatened with the loss of her job and discriminatory assignments on account of this harassment, and that DCF was aware of her complaints and permitted the acts to continue. Defendants assert that no genuine issue of material fact exists as

to these claims, and therefore summary judgment should be entered.

## Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining the existence of a genuine issue of material fact, the Court views the facts in a light favorable to the non-moving party, with the moving party bearing the burden of demonstrating the lack of a genuine issue. If the movant successfully discharges this burden, the burden then shifts to the non-movant to establish, *by going beyond the pleadings*, the existence of a genuine issue of material fact. Matsushita Electric Industrial Co. v. Zenith Radio Corp. 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991). An issue of material fact is genuine if the evidence in the record would allow a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed. 2D 202 (1986). If a non-moving party bears the burden of proof at trial, the moving party is entitled to summary judgment by showing that the non-moving party cannot prove an essential element of their cause of action through the *admissible* evidence in the record. As explained by the Supreme Court for the United States:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all

other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  The purpose of the Court in deciding a summary judgment motion is not to decide issues of material fact, but rather to determine whether such issues exist to be tried.

### A.  *Title VII*: Sexual Discrimination–Harrassment

Under Title VII, it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  In her complaint, Ms. Debose alleges that Defendants intentionally discriminated against her by allowing continuing harassment based on her gender.

Title VII's prohibition against discrimination in the "terms, conditions, or privileges of employment" includes discrimination through a sexual harassment "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986).  The Supreme Court has held that conduct that is merely offensive is not enough to establish a Title VII violation, and that the conduct in question must objectively and subjectively create a discriminatorily abusive work environment to implicate Title VII. "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment–an environment that a reasonable person would find hostile or abusive–is beyond Title VII's purview." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21-22, 114 S.Ct. 367, 370, (1993).  An environment is discriminatorily abusive or hostile "[w]hen the workplace is

permeated with discriminatory intimidation, ridicule and insult and that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Id.

Absent direct evidence of discrimination, the burden-shifting analysis of the test established by McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed2d 668 (1973), applies to sexual harassment claims. Direct evidence "is composed of only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor." Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir.1999)(citation and internal quotation marks omitted). To establish a prima facie case of sexual harassment, a plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her gender; (4) the harassment was sufficiently pervasive to effect a term, condition, or privilege of employment; and (5) the employer knew, or should have known, about the harassment and failed to take prompt, corrective action. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir.2002). To satisfy the fourth element, a plaintiff must prove that: (1) she subjectively perceived the conduct to be offensive, and (2) a reasonable person would find the conduct at issue objectively offensive. Id., at 1276.

Courts look at the totality of the circumstances in determining whether the conduct at issue is objectively offensive. Factors in the analysis include: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir.1999) (en banc). These factors taken together must reveal conduct extreme enough to "amount to a

change in terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

Under Title VII, Ms. Debose ultimately bears the burden of proving that she was subject to sexual harassment, and initially bears the burden of establishing a prima facie case of sexual harassment. "The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of . . . discrimination." McDonnell Douglas Corp. v. Green, 411 U.S. 792,  93 S.Ct. 1817, 36 L.Ed2d 668 (1973).  A "prima facie case" in the Title VII context is a legally mandatory, rebuttable presumption that can be established either through direct evidence of discrimination or through circumstantial evidence.  In the absence of direct evidence of discrimination, the Court applies the McDonnell Douglas burden-shifting framework to Title VII discrimination claims.  See Brooks v. County Comm'n of Jefferson County, 446 F. 3d 1160, 1162 (11th Cir. 2006).

Defendants do not dispute that Plaintiff is a member of  a protected class, but Defendant Little denies that he subjected Plaintiff to unwelcome harassment, and DCF denies that it knew about the alleged harassment and failed to take prompt, corrective action.  Because of this, the Defendants state that Plaintiff cannot establish a prima facie case and that summary judgment should be entered.  The only harassment alleged in the record comes from Plaintiff's complaint, which claims that Defendant Little made crude, vulgar and demeaning comments of a sexual nature to her, that Defendant Little touched Plaintiff without her consent, and that Plaintiff received unwanted explicit pressure to have sexual relations with Defendant Little and other supervisory personnel by members of the DCF staff.

In this case, Defendants have filed the affidavit of Defendant Little, which specifically denies every allegation of sexual harassment in the Plaintiff's complaint.  Although Plaintiff was

instructed of her burden in filing a response to the Defendants' motion for summary judgment, Doc. 79, and was given an extension of time in which to file her response, Plaintiff has not filed any evidence in the record responsive to this issue. Instead, Plaintiff states that she has a witness that "does have firsthand knowledge of relevant facts," but Plaintiff has failed to file an affidavit of this witness or even of herself setting forth what these relevant facts are.

The rules of civil procedure make clear that a party opposing a motion for summary judgment cannot rely on their pleadings alone.

> When a motion for summary judgment is properly made and supported, *an opposing party may not rely merely on allegations or denials in its own pleading*; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party*.

Fed.R.Civ.P. 56(e)(2)(emphasis supplied). The Defendants have met the burden of showing a lack of a genuine issue, thus shifting the burden to Ms. Debose to establish, by going beyond the pleadings, the existence of a genuine issue of material fact. She has not done so. Therefore, because there is no genuine issue to be tried, summary judgment on this issue must be granted.

### B. *Title VII*:سexual Discrimination–Disparate Treatment

The next claim Plaintiff alleges is that Defendant DCF discriminated against her by treating similarly situated employees outside of her gender differently. In order to establish a prima facie case of sex discrimination based on disparate treatment, a Plaintiff must show that: (1) she belongs to a protected class; (2) she was subjected to adverse job action; (3) an employer treated similarly situated employees outside of her classification more favorably; and (4) she was qualified for the position. Snoke v. Staff Leasing, Inc., 43 F.Supp. 2d 1317, 1322 (M.D. Fla. 1998).

To meet her ultimate burden of proving disparate treatment, Plaintiff must present

sufficient evidence for a reasonable jury to conclude by a preponderance of the evidence that her employer treated similarly situated employees outside of her classification more favorably. Desert Palace, Inc. v. Costa, 539 U.S. 90, 101-102, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).  Ms. Debose may satisfy this burden in one of two ways.  First, under the traditional framework, she may proffer direct evidence of discrimination.  Wright v. Southland Corporation, 187 F.3d 1287, 1289-90 (11th Cir. 1999); Walker v. Morthan, 158 F.3d 1177, 1183-85 (11th Cir. 1998).  A plaintiff may establish a prima facie case of intentional discrimination through direct evidence demonstrating that, more likely than not, a causal link exists between sex and an adverse employment action.  Wright, 187 F.3d at 1300.  Direct evidence "is composed of only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor." Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir.1999)(citation and internal quotation marks omitted).

If direct evidence is unavailable, Ms. Debose may establish a prima facie case of discrimination under the framework of McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).  Plaintiff ultimately bears the burden to prove that gender was a determining factor in Defendant's employment decision, and she initially bears the burden of establishing a prima facie case of such discrimination.  "The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of . . . discrimination."   McDonnell Douglas Corp. v. Green, 411 U.S. 792,  93 S.Ct. 1817, 36 L.Ed2d 668 (1973).  Under the McDonnell-Douglas framework, Plaintiff is required only to establish a prima facie showing that she was subject to different treatment, and that such treatment was based on her gender, thereby creating a presumption of discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094 , 67 L.Ed.2d 207 (1981); Wright, 187 F.3d at 1290.  The

Defendants may then rebut that presumption by showing legitimate reasons for the employment decision. <u>Burdine</u>, 450 U.S. at 254. In this case, the Defendants argue that Plaintiff has not established a prima facie case, and that even if she had met this burden, legitimate reasons exist for the employment decision.

*i. Non-discriminatory reason*

The establishment of a prima facie case creates a presumption that the employer unlawfully discriminated against the employee. "If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." <u>Burdine</u>, 450 U.S. at 254, 101 S.Ct. at 1094. The burden then shifts to the defendant to rebut the presumption of discrimination by producing admissible evidence that the plaintiff was discharged for a legitimate, nondiscriminatory reason. The legally mandatory inference of discrimination drops from the case if a defendant's non-discriminatory reason is legally sufficient to justify a judgment for the defendant.

Here, Defendant DCF does not contest that Ms. Debose is a member of a protected class and that she was terminated from her employment. DCF, however, specifically denies that Ms. Debose's termination was based on her sex. Specifically, Defendants point out that Plaintiff has not established that DCF treated similarly situated employees outside of her classification more favorably, and therefore she fails to establish a prima facie case. Defendants state that even if Ms. Debose could establish a prima facie case, she was in fact terminated for the non-discriminatory reason of documented poor performance. This legitimate, non-discriminatory reason for the adverse employment decision shifts the burden to Plaintiff to prove pretext. In order to meet the ultimate burden of persuasion, at this point a plaintiff must demonstrate that a

defendant's proffered reason was not the true reason for the employment decision, but rather a pretext for the discriminatory reason. In their Motion for Summary Judgment, Defendants argue that Plaintiff cannot demonstrate that the non-discriminatory reasons are mere pretext and that, therefore, summary judgment is appropriate.

*ii. Pretext*

A plaintiff must introduce "significantly probative" evidence showing that the asserted reason is merely a pretext for discrimination to avoid summary judgment. Brooks v. County Commission of Jefferson County, Alabama, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993)). To meet this burden, a plaintiff must prove "both that the reason was false, and that discrimination was the real reason." Brooks, 446 F.3d at 1163 (quoting Hicks, 509 U.S. at 515). An employer is entitled to judgment "if the Plaintiff created only a weak issue of fact as to whether the employer's reason was untruthful and there was abundant and uncontroverted independent evidence that no discrimination had occurred." Reeves, 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); see also Burdine, 450 U.S. at 256 (holding that a plaintiff may demonstrate pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."). In Reeves, the Supreme Court concluded that whether judgment is appropriate in a particular case "will depend on a number of factors. Those include the strength of the Plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and other evidence that supports the employer's case . . . ." Id. at 148-149. Bearing the burden of establishing pretext, a plaintiff must present significantly probative evidence on the issue to avoid summary judgment. See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1332 (11th Cir. 1998).

Plaintiff has not provided any response on this issue, but her pleadings allege that Mr. Little harassed her through crude, vulgar, and demeaning comments of a sexual nature. Although Plaintiff alleges that she was threatened with discharge if she failed to comply with the advances, this does not show that her employer treated similarly situated employees outside of her classification more favorably. Furthermore, Plaintiff has not rebutted Defendants' legitimate, non-discriminatory reason for the adverse employment decision by proving that this reason is merely pretext. Therefore, summary judgment is granted for the Defendants on this issue.

### C. *Title VII*: Sexual Discrimination–Retaliation

Plaintiff also contends that Defendants retaliated against her for making complaints of sexual discrimination. Title VII's anti-retaliation provision makes it

> an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this sub-chapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this sub-chapter.

29 U.S.C.2000e-3(a). The protection afforded by the statute extends to formal complaints, informally voiced complaints, and internal grievance procedures. For circumstantial evidence of discrimination on the part of the employer, the Court evaluates Title VII retaliatory discharge claims using the McDonnell Douglas burden-shifting framework. To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment action; and (3) there is some causal relationship between the two events. Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000).

The parties do not dispute that Plaintiff suffered an adverse employment action, or that

she engaged in a statutorily protected expression by filing complaints about the sexual harassment with the Equal Employment Opportunity Commission ("EEOC").  Therefore, the issue here is whether there is some causal relationship between the two events.  To establish a causal connection, a plaintiff must show that (a) the decision-makers were aware of the protected conduct; and (b) the protected activity and the adverse employment action were not wholly unrelated.  Id. at 590.  Generally, close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to raise an inference of causation.  Once a prima facie case has been established, the burden shifts to the defendant to come forward with legitimate reasons for the employment action to negate the inference of retaliation.  If the defendant offers legitimate, non-discriminatory reasons, the plaintiff then bears the burden of proving by a preponderance of the evidence that the proffered reasons are pretextual.

In this case, Plaintiff Debose alleges that because of her complaints about sexual harassment, Defendants retaliated against her through discriminatory assignments and her eventual termination from DCF.  The Defendants point out that Ms. Debose has not identified any discriminatory assignments resulting from her protected activity, and cannot show that she suffered an adverse employment action based on discriminatory assignments.  In her response, Ms. Debose states that after filing her complaint, she was transferred to a job assignment that involved both a greater number of inmates, and more violent inmates.  The Court will assume for the sake of the summary judgment motion that this constitutes adverse employment action.  The issue, then, is whether any connection exists between the protected activity and the adverse employment action.

Although Ms. Debose did file complaints with the EEOC prior to her termination, the

Defendants argue that there is no other support in the record to establish causation between the protected activity and the job transfer or termination.  Over a year passed after Ms. Debose filed her complaint with the EEOC, and the Defendants state that there is an insufficient temporal proximity between the two events, absent other evidence, to infer a causal relationship.  Ms. Debose does not address this issue in her response, and she has failed to provide any dates from which to infer a close temporal proximity between her protected conduct and the adverse employment action.

Based on this, the Court finds that Plaintiff Debose has failed to establish the third element of the prima facie case of retaliation; therefore, summary judgment must be entered on this issue.  Plaintiff's complaint also makes references to the Americans with Disabilities Act as well as common law battery, without specifically pleading the claims.  Although Defendants have addressed these issues in the motion for summary judgment, since the claims are not pled as causes of action, there is no need to resolve matters extrinsic to this case.

### 2. Counsel's Motion to Withdraw

Attorney Renee Thompson has moved to withdraw as counsel of record for Defendants. Thompson has left the law firm Siboni, Hamer & Buchanan, which continues to represent Defendants. The lead attorney also remains unchanged. The Court finds no reason for denying Ms. Thompson's motion.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motion for Summary Judgment, Doc. 73, is GRANTED, and this case is DISMISSED WITH PREJUDICE.

2. Counsel's Motion to Withdraw, Doc. 84, is GRANTED, and Ms. Thompson is hereby relieved of further responsibility in this matter.

**DONE AND ORDERED** this *20th* day of August, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge